IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| DOWNHOLE NAVIGATOR, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. No. _____ |
| NAUTILUS INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Downhole Navigator, L.L.C., files this Original Complaint and Request for Declaratory Judgment against Nautilus Insurance Company and respectfully shows the Court the following:

## I. PARTIES

1. Plaintiff, Downhole Navigator, L.L.C. ("Downhole"), is a Texas Limited Liability Company that is organized under the laws of the State of Texas.

2. Defendant, Nautilus Insurance Company, is a corporation that is incorporated under the laws of the State of Arizona. Defendant has its principal place of business in the State of Arizona. Defendant may be served with process by serving its registered agent, Thomas M. Kuzma, at: c/o Nautilus Insurance Company, 7233 E. Butherus Dr., Scottsdale, Arizona 85260.

3. Non-party, Sedona Oil & Gas Corporation, a Texas corporation, may have an interest in the outcome of this litigation.

## II. JURISDICTION

4. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. In the underlying action—*Sedona Oil & Gas*

*Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas (the "underlying Lawsuit")—Plaintiff Sedona Oil & Gas Corp. ("Sedona") is alleging over $3,000,000.00 in damages. *See* Exhibit A, attached hereto and incorporated herein by reference.

### III. VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Plaintiff in the Underlying Lawsuit alleges, *inter alia*, that Downhole negligently performed services in Lavaca County, Texas that lead to the claimed damages.

### IV. FACTS

6. Plaintiff brings this suit for a declaratory judgment under both FED. R. CIV. P. 57 and 28 U.S.C. §§2201 and 2202.

7. Defendant wrote a commercial general liability policy No. BK0011645-1 covering plaintiff with a policy period of June 15, 2008 to June 15, 2009, a true and correct copy of which is attached as Exhibit B and incorporated herein by reference. Such policy obligates Defendant to defend and indemnify plaintiff against bodily injury and property damage.

8. Plaintiff performed drilling services for Sedona on a well located in Lavaca County, Texas identified as the Kurtz No. 1 Well ("the Well") during the applicable policy period. On or about March 3, 2009, Sedona filed an Original Petition against Downhole alleging, *inter alia*, that Downhole performed drilling services negligently, causing damage to the Well. The Original Petition is attached as Exhibit C and incorporated herein by reference. The pleadings in the Underlying Lawsuit allege such negligence occurred during the policy period and within the coverage territory.

9. On or about March 25, 2009, plaintiff tendered the claim to Berkley Specialty Underwriting Managers, L.L.C. ("Berkley"), per the claims notice procedures in the Policy, seeking defense and indemnity. *See* Exhibit D, attached hereto and incorporated herein by reference. Berkley is defendant's agent for claims services as evidenced by the Policy. *See* Exhibit B. On or about March 30, 2009, defendant, through its agent, Berkley, issued a reservation of rights letter. A true and correct copy of the reservation of rights letter is attached as Exhibit E and incorporated herein by reference. By that same letter, defendant, through its agent, Berkley, informed plaintiff that it had retained defense counsel to represent Downhole in the Underlying Lawsuit, but still maintained the defense was being conducted under a reservation of rights.

10. Plaintiff responded by letter of April 27, 2009 informing Defendant of Plaintiff's right to choose its own counsel. A true and correct copy of the letter is attached as Exhibit F and incorporated herein by reference. By correspondence dated May 11, 2009, defendant misrepresented to plaintiff that it is not entitled to choose its counsel. A true and correct copy of this letter is attached as Exhibit G and incorporated herein by reference. However, under Texas law, when an insurance company defends under a reservation of rights because it believes the facts alleged in an underlying lawsuit may not bring the underlying lawsuit within the scope of policy coverage, a conflict of interest exists and an insured is entitled to choose its own counsel—even where the policy provides otherwise. *See, e.g., Northern County Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 689 (Tex. 2004); *RX.com v. Hartford Fire Ins. Co.*, 426 F.Supp.2d 546, 559-60 (S.D. Tex. 2006). Downhole has chosen the undersigned counsel to represent it to defend the Underlying Lawsuit.

11. On or about June 22, 2009, Sedona filed its First Amended Petition, making the same claims for negligent property damage. A true and correct copy of the First Amended

Petition is attached as Exhibit H and incorporated herein by reference. The First Amended Petition is the live pleading in the Underlying Lawsuit and still contains the allegations that Downhole negligently damages Sedona's property during the applicable policy period and coverage territory.

12. Despite the foregoing facts, defendant has failed and continues to fail to accept its obligations to unconditionally defend and indemnify Downhole against the Underlying Lawsuit. Moreover, defendant has failed and continues to fail to honor it's obligations to allow Downhole to choose its counsel and to pay for such counsel.

### A.     Count 1 – Declaratory Judgment (FED. R. CIV. P. 59 and 28 U.S.C. §§ 2201-2202)

13. Plaintiff re-alleges paragraphs 1-12, above as if fully set forth herein.

14. Defendant issued the Policy to plaintiff in exchange for consideration received. The Policy obligates defendant to defend and indemnify plaintiff against the allegations in the Underlying lawsuit.

15. Defendant has refused and continues to refuse to honor its obligations under the Policy, including, without limitation, by failing to provide a defense and indemnity for plaintiff in the Underlying Lawsuit and by failing to honor its obligations under the Policy and applicable Texas law to allow plaintiff the right to choose its counsel at the expense of plaintiff.

16. Pursuant to FED. R. CIV. P. 59 and 28 U.S.C. §§ 2201-2202, plaintiff therefore seeks relief in the form of declaration from this Court that:

   a) General Liability Policy number BK0011645-1, issued by Defendant Nautilus Insurance Company in favor of Downhole Navigators, L.L.C. obligates Nautilus Insurance Company to indemnify Downhole Navigators, L.L.C. against the claims of Sedona Oil & Gas Corp. in the lawsuit styled *Sedona Oil & Gas*

*Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas; and

b) Plaintiff Downhole Navigators, L.L.C. is entitled under Texas law, to choose its own counsel to defend against the claims in the lawsuit styled *Sedona Oil & Gas Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas, and Defendant Nautilus Insurance Company is obligated under General Liability Policy number BK0011645-1 to provide payment for such defense and counsel.

**B.** **Count 2 – Declaratory Judgment (Texas Declaratory Judgment Act)**

17. Plaintiff re-alleges paragraphs 1-17, above as if fully set forth herein.

18. Defendant issued the Policy to plaintiff in exchange for consideration received. The Policy obligates defendant to defend and indemnify plaintiff against the allegations in the Underlying lawsuit.

19. Defendant has refused and continues to refuse to honor its obligations under the Policy, including, without limitation, by failing to provide a defense and indemnity for plaintiff in the Underlying Lawsuit and by failing to honor its obligations under the Policy and applicable Texas law to allow plaintiff the right to choose its counsel at the expense of plaintiff.

20. Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 37.001 et seq., plaintiff therefore seeks relief in the form of declaration from this Court that:

a) General Liability Policy number BK0011645-1, issued by Defendant Nautilus Insurance Company in favor of Downhole Navigators, L.L.C. obligates Nautilus Insurance Company to indemnify Downhole Navigators, L.L.C. against the claims of Sedona Oil & Gas Corp. in the lawsuit styled *Sedona Oil & Gas*

*Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas; and

b) Plaintiff Downhole Navigators, L.L.C. is entitled under Texas law, to choose its own counsel to defend against the claims in the lawsuit styled *Sedona Oil & Gas Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas, and Defendant Nautilus Insurance Company is obligated under General Liability Policy number BK0011645-1 to provide payment for such defense and counsel.

## V. **PRAYER**

21. For these reasons, plaintiff asks for judgment against defendant for the following:

    a) Declarations from the Court that:

    i. General Liability Policy number BK0011645-1, issued by Defendant Nautilus Insurance Company in favor of Downhole Navigators, L.L.C. obligates Nautilus Insurance Company to indemnify Downhole Navigators, L.L.C. against the claims of Sedona Oil & Gas Corp. in the lawsuit styled *Sedona Oil & Gas Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas; and

    ii. Plaintiff Downhole Navigators, L.L.C. is entitled under Texas law, to choose its own counsel to defend against the claims in the lawsuit styled *Sedona Oil & Gas Corp. v. Tri-City Servs., Inc. and Downhole Navigator, L.L.C.*, No. 09-03-21104CV in the 25th Judicial District of Lavaca County, Texas, and Defendant Nautilus

Insurance Company is obligated under General Liability Policy number BK0011645-1 to provide payment for such defense and counsel.

b) Reasonable attorney fees;

c) Costs of court.; and

d) All other relief the court deems appropriate.

Respectfully Submitted,

**ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.**

By: */s/ Anne Marie Finch*

Anne Marie Finch
State Bar No.: 06997625
S.D. Tex. No. 14122
3040 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Telephone: (713) 552-1234
Facsimile: (713) 963-0859
afinch@zimmerlaw.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
Brian C. Poldrack
**ZIMMERMAN, AXELRAD,
MEYER, STERN & WISE, P.C.**
State Bar No.: 24046641
S.D. Tex. No.: 617541
3040 Post Oak Blvd., Suite 1300
Telephone:   (713) 552-1234
Facsimile:   (713) 963-0859
bpoldrack@zimmerlaw.com